

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,957

### EX PARTE ALBERT VINCENT THOMAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1145134-A IN THE 263rd DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to thirty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Thomas v. State*, No. 14-08-01157-CR (Tex. App.–Houston [14th Dist.], delivered February 18, 2010, no pet.).

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance because counsel failed to advise him of his right to file a *pro se* petition for discretionary review.

Appellate counsel filed an affidavit, along with attached exhibits, with the trial court. Based

on that affidavit and exhibits, the trial court has entered findings of fact and conclusions of law that appellate counsel properly advised Applicant of his right to file a *pro se* petition for discretionary review. However, this finding of fact and conclusion of law is not supported by the record in this case. Counsel's affidavit and exhibits reflect that she timely notified Applicant of the appellate court's decision in this case, promised him that she would file a petition for discretionary review on his behalf, changed her mind about filing the petition, and then informed the Applicant that she would not be filing a petition on his behalf approximately four months after mandate issued.[1] The record before this Court reflects that Applicant was not timely advised of his right to pursue a petition for discretionary review on his own and he is entitled to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Fourteenth Court of Appeals in Cause No. 14-08-01157-CR that affirmed his conviction in Cause No. 14-08-01157-CR from the 263rd District Court of Harris County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *Ex parte Torres* 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: January 30, 2013
Do not publish

---

[1] Counsel is correct that Applicant had no right to counsel on a petition for discretionary review and that she had a duty to not file a frivolous petition. However, the error here is that Applicant was deprived of his right to file a *pro se* petition due to counsel's reneged promise and her failure to timely inform Applicant of his right to pursue discretionary review on his own.